{¶ 75} I respectfully dissent.
 {¶ 76} By failing to renew his motion for severance due to prejudicial joinder of offenses at the close of the state's case or at the close of all the evidence, Quinones has waived all but plain error. State v. Stephens (Dec. 23, 1999), 4th Dist. No. 98CA41, 1999 Ohio App. LEXIS 6294, at *6 (citations omitted);State v. Range (Sept. 30, 1997), 2nd Dist. No. 15301, 1997 Ohio App. LEXIS 4474, at *9 (citation omitted). Plain error is to be invoked "only under exceptional circumstances to prevent a manifest miscarriage of justice." State v. Phillips,74 Ohio St.3d 72, 83, 1995-Ohio-171, citing State v. Long (1978),53 Ohio St.2d 91. In other words, there is no plain error unless "the outcome of the trial clearly would have been" different in the absence of the error. Long, 53 Ohio St.2d at 97 (emphasis added).
 {¶ 77} Since the three counts of sexual imposition and the one count of rape were "of the same or similar character," joinder was proper, Crim.R. 8(A), unless Quinones was "prejudiced by [the] joinder of offenses." Crim.R. 14. Quinones bore the burden to affirmatively demonstrate the requisite prejudice.State v. Wiles (1991), 59 Ohio St.3d 71, 76 (citation omitted). To do so, Quinones "must demonstrate that the trial court abused its discretion" in joining the offenses. State v. Lott (1990),51 Ohio St.3d 160, 163. The state can negate a defendant's prejudice claim either by demonstrating that evidence of the other crimes would be admissible pursuant to the Rules of Evidence or by showing that the evidence pertaining to each separate crime joined at trial was simple and direct. Id. (citations omitted).
 {¶ 78} In this case, the evidence introduced as to each charge was simple and direct. The state introduced evidence, including testimony from Maria, regarding the two counts of gross sexual imposition of Maria. The state separately introduced evidence, including testimony from Jessica, regarding the one count of gross sexual imposition and the one count of rape of Jessica. Thus, the evidence pertaining to each victim clearly was separate and distinct. See Wiles, 59 Ohio St.3d at 77.
 {¶ 79} Moreover, the trial court instructed the jury to "consider each count and evidence applicable to each count separately" and to be "uninfluenced by your verdict as to the other counts." Since it is presumed that a jury will follow the instructions given by the trial court, State v. Murphy (1992),65 Ohio St.3d 554, 584 (citations omitted), "we may presume that the jury considered each count and the evidence applicable to each count separately." State v. Tackett (May 26, 1998), 12th Dist. No. CA97-08-158, 1998 Ohio App. LEXIS 2274, at * 6.
 {¶ 80} Since the evidence pertaining to each victim was separate, distinct and uncomplicated, and since the court specifically instructed the jury to separately consider the charges, a reasonable juror could "easily differentiate between the counts of the indictment." Id. at *5. In fact, the jury's ability to separate the charges in this matter is demonstrated by its not guilty verdict on one of the charges. See Wiles,59 Ohio St.3d at 77; State v. Smith (Sept. 30, 1993), 11th Dist. No. 91-T-4610, 1993 Ohio App. LEXIS 4793, at *21. Thus, Quinones was not prejudiced by the joinder of offenses. See Wiles,59 Ohio St.3d at 77; Tackett, 1998 Ohio App. LEXIS 2274, at *5-*6;State v. Sexton (Mar. 9, 1998), 5th Dist. Nos. 1996CA00306, 1996CA00367, 1998 Ohio App. LEXIS 1302, at *12-*13; State v.Wyatt (Jan. 10, 1994), 12th Dist. No. CA93-03-050, 1994 Ohio App. LEXIS 17, at *14-*15; Smith, 1993 Ohio App. LEXIS 4793, at *20-*21.
 {¶ 81} It is, therefore, clear that this case does not present an exceptional circumstance where we should apply plain error to prevent a manifest miscarriage of justice. Thus, the majority's invocation of plain error is misplaced.
 {¶ 82} For the reasons stated above, I would affirm the judgment of the trial court below.